IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

DARIEN HOUSER,                    :     CIVIL ACTION
                                  :     NO. 06-1198
          Plaintiff,              :
                                  :
     v.                           :
                                  :
SYLVESTER JOHNSON et al.,         :
                                  :
          Defendants.             :


M E M O R A N D U M

EDUARDO C. ROBRENO, J.                            JUNE 11, 2008

          Darien Houser ("plaintiff") filed this 42 U.S.C. §
1983[1] excessive force claim against four Philadelphia police
officers ("SWAT defendants") and the former Philadelphia Police
Commissioner, Sylvester Johnson ("Commissioner Johnson").  The
plaintiff is currently awaiting execution for the murder of a
Philadelphia warrant officer in 2004.  Pending for the plaintiff
are two motions to compel (doc. nos. 59 & 63), a motion for
appointment of counsel (doc. no. 62), a motion for collateral
estoppel (doc. no. 64), and a motion to extend the discovery

---

[1] Plaintiff does not explicitly rely on § 1983, but his
complaint, not having stated any authority, mirrors a typical §
1983 claim.  See Tennessee v. Garner, 471 U.S. 1 (1985) (holding
that the use of excessive force by police officers in the
exercise of their authority gives rise to a § 1983 claim).  This
assumption is made notwithstanding the fact that the plaintiff
designated his case as being against federal officials, and thus
under 28 U.S.C. § 1331, on the standard prison civil rights cause
of action worksheet.  Def.'s Mot. Summ J. Ex. A.

-1-

period (doc. no. 61).  In turn, the defendants have filed a
motion for summary judgment (doc. no. 66) as to all claims
pending against Commissioner Johnson and as to all negligence
claims filed against the SWAT defendants.  The defendants have
not moved for summary judgment on plaintiff's excessive force
claims against the SWAT defendants.  The motion for summary
judgment will be granted.  All of plaintiff's motions will be
denied except that, as to plaintiff's remaining excessive force
claim against the SWAT defendants, counsel will be appointed.


I.   FACTUAL BACKGROUND

On March 16, 2006, Plaintiff Darien Houser, proceeding
pro se, filed the instant action against Commissioner Johnson and
the SWAT defendants.  Plaintiff then moved to amend his complaint
both to add additional defendants and to add state law claims of
negligence, assault and battery against all defendants.  In an
order dated August 22, 2007 (doc. no. 48) the Court granted
plaintiff's motion to the extent it sought to add the state law
claims against the defendants and denied it to the extent that it
sought to add additional defendants.  The plaintiff filed his
amended complaint on September 4, 2007 (hereinafter
"complaint").[2]

_____

[2] When filing his motion for leave to amend his complaint on
July 20, 2007, plaintiff attached a proposed amended complaint.
In compliance with the Court's order denying plaintiff's motion

The gist of the plaintiff's amended complaint is that on March 19, 2004, he was mistaken for someone else who had recently shot and killed a warrant officer.[3]  When the SWAT defendants found the plaintiff in apartment 126 of the Fisher's Crossing Apartments, in Philadelphia, Pennsylvania, the apartment complex where the warrant officer had been killed, they beat him severely.  Specifically, the plaintiff states that the SWAT defendants hit him in the head with the back of a gun, hog-tied him, shoved a gun down his throat and "destroyed" his legs. Compl. at 2.

The SWAT defendants respond by stating that the plaintiff was in fact the man who had killed the warrant officer minutes earlier and that when they tried to arrest him, he violently resisted, attempting to grab one of the officer's guns in the process.  Def.'s Mem. Supp. Summ. J. Ex. B.  The SWAT defendants contend that it was plaintiff's resistance and his

---

in part, and granting it in part, the plaintiff filed a document with the Court titled, "Amended Complaint, Part-II."  As such, the Court will consider the document titled "Amended Complaint, Part-II" as the operating complaint in this case.

[3] Plaintiff's version of the facts has consistently morphed throughout the litigation.  In a motion filed on February 19, 2008, plaintiff states that a shootout had in fact occurred between he and several warrant officers, whereas in his Amended Complaint, he quotes himself as stating to the arresting officers that they had, "the wrong guy."  Compl. at 2.

earlier jump from a window[4] that caused his injuries.  Taking either party's version of the facts as true permits the Court to make the same legal conclusions.

Since the filing of his initial complaint, the plaintiff has filed four motions for appointment of counsel, three motions for reconsideration, one motion for summary judgment, two motions for extensions, two motions to compel, one motion for collateral estoppel and one motion to exclude his criminal record at trial.[5]


II.  DISCUSSION

    A.  <u>Summary Judgment</u>

        1.  <u>Standard of review</u>

        A court may grant summary judgment when "the pleadings, the discovery and the disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(c).  A fact is "material" if its existence or non-existence would affect the outcome of the suit

_____

[4] The defendants claim that following the shootout between the warrant officers and the defendant, defendant jumped from the window of apartment number 336 and hid in apartment 126.

[5] As this case has progressed, plaintiff has proven to be a prolific motion filer.  Since the inception of the case, he has filed a total of 18 motions.  Only the instant motion for appointment of counsel to pursue the claim of excessive force against the SWAT defendants has been granted.

under governing law.  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).  An issue of fact is "genuine" when there is sufficient evidence from which a reasonable jury could find in favor of the non-moving party regarding the existence of that fact.  Id. at 248-49.  "In considering the evidence, the court should draw all reasonable inferences against the moving party." El v. Se. Pa. Transp. Auth., 479 F.3d 232, 238 (3d Cir. 2007). "[S]ummary judgment is essentially 'put up or shut up' time for the non-moving party: the non-moving party must rebut the motion with facts in the record and cannot rest solely on assertions made in the pleadings, legal memoranda, or oral argument." Berckeley Inv. Group, Ltd. v. Colkitt, 455 F.3d 195, 201 (3d Cir. 2006).

    2.   § 1983 liability for Commissioner Johnson

         § 1983 provides, in pertinent part, as follows:

    Every person who, under color of any statute, ordinance,
    regulation, custom, or usage, of any State . . . subjects,
    or causes to be subjected, any citizen of the United States
    . . . to the deprivation of any rights, privileges, or
    immunities secured by the Constitution and laws, shall be
    liable to the party injured in an action at law . . .

A plaintiff must demonstrate that a defendant in a § 1983 action had personal involvement in committing the alleged violation. Rode v. Dellarciprete, 845 F.2d 1195 (3d Cir. 1988).  Personal involvement can be shown either through evidence of direct involvement, or by showing that an official "who has the power to

-5-

make policy is responsible for either the affirmative proclamation of a policy or acquiescence in a well-settled custom."[6] Watson v. Township, 478 F.3d 144, 156 (3d Cir. 2007) (quoting Bielevicz v. Dubinon, 915 F.2d 845, 850 (3d Cir. 1990)). Such an official may be held liable if the plaintiff demonstrates that "the policy or custom in question amounts to deliberate indifference to the rights of people with whom the police come into contact." Carswell v. Borough of Homestead, 381 F.3d 235, 244 (3d Cir. 2004). Deliberate indifference is the deliberate choice to follow a course of action that is made among various alternatives. Pembaur v. Cincinnati, 475 U.S. 469, 483-84 (1986). Policymaking responsibility itself is derived from having "final, unreviewable discretion to make a decision or take action." Andrews v. City of Phila., 895 F.2d 1469, 1480 (3d Cir. 1990).

In this case, the defendants do not contest that as a general matter, Commissioner Johnson was the relevant policymaker. Thus, as the plaintiff does not allege direct involvement, Commissioner Johnson will be held liable only if he

_____

[6] Plaintiff has not alleged that Comissioner Johnson had any direct involvement in the alleged assault or that Commissioner Johnson was present during plaintiff's arrest. See Pl.'s Mem. Opp. Summ. J. 2. The Court's assumption that plaintiff is accusing Commissioner Johnson of authorizing or endorsing the conduct of the SWAT defendants, in his capacity as a policymaker, has been confirmed in plaintiff's memorandum in opposition to summary judgment.

acted with deliberate indifference with respect to the
implementation of, or acquiescence to, an unconstitutional policy
or custom.  <u>Glass v. City of Philadelphia</u>, 455 F. Supp. 2d 302,
343 (E.D. Pa. 2006).

      The plaintiff has failed to allege the extent of
Commissioner Johnson's involvement in the alleged offenses.  It
is conceded that Commissioner Johnson was not present at the
apartment complex on the day in question, Pl.'s Mem. Opp. Summ.
J. 2, and there has been no averment that he ordered the alleged
abuse of the plaintiff.  In fact, his name never appears in the
amended complaint, save for its position in the caption.  In
short, there has been no reference to Commissioner Johnson's
actions, knowledge, or to what extent he personally instituted
policies in violation of the plaintiff's civil rights.

      In his brief in opposition to summary judgment,
plaintiff for the first time argues that the defendants'
concession that they were acting pursuant to "Directive-22"
generates policymaker liability for Commissioner Johnson.
However, it is insufficient to point to a policy without
demonstrating how its implementation amounts to deliberate
indifference.  Importantly, the plaintiff has failed to allege in
what way the policy he cites led to his injuries.  <u>See</u> <u>Kneipp v.
Tedder</u>, 95 F.3d 1199, 1213 (3d Cir. 1996) (holding that a
plaintiff must also "establish that the government policy or

custom was the proximate cause of the injuries sustained").

Plaintiff alleges generally that the SWAT defendants acted under the direction of "Directive-22" and in doing so, deprived him of his constitutional rights.  Plaintiff, however, does not point to the text of "Directive-22" to show how its enactment, and the SWAT defendants' alleged reliance upon it, caused his injuries.[7]  As such, no reasonable jury could find that plaintiff's § 1983 claims against Commissioner Johnson could prevail.

3.   Negligence

The negligence claims against Commissioner Johnson and the SWAT defendants must also be dismissed.  The Pennsylvania Tort Claims Act provides that local agencies and officers are immune from negligence causes of action based on the acts of the agency or of an employee.  See 42 Pa. Cons. Stat. §§ 8541, 8542(a) (1998) ("the Act"); Moser v. Bascelli, 865 F. Supp. 249, 253-54 (E.D. Pa. 1994).  This immunity is only pierced by a showing that the conduct in question falls within eight specified and non-applicable exceptions or if the conduct amounts to actual fraud, crime, actual malice or willful misconduct.  See 42 Pa. Cons. Stat. § 8542(b)(1)-(8); Sameric Corp. v. City of Phila.,

---

[7] Defendants contend that they provided the plaintiff with a copy of "Directive-22" during the discovery process.  Def.'s Mem. in Opp. to Pl.'s Mot. to Compel, Ex. B., Dec. 12, 2007.

142 F.3d 582, 600 (3d Cir. 1998).[8]  As the plaintiff's negligence
claims do not fall under with any of the enumerated exceptions,
any negligence cause of action against Commissioner Johnson, and
the SWAT defendants, must be dismissed.


        4.   Assault and battery claims against
           <u>Commissioner Johnson</u>

      To the extent that the plaintiff has ever alleged an
assault or battery claim against Commissioner Johnson, plaintiff
has indicated in his response in opposition to the motion for
summary judgment that he is no longer pursuing those claims.


III. CONCLUSION

      For the above reasons, defendants' motion for summary
judgment shall be granted.  An appropriate order follows.

---

    [8] The exceptions are: 1) operation of motor vehicles; (2)
care, custody and control of personal property; (3) care, custody
and control of real property; (4) dangerous conditions of trees,
traffic controls and street lighting; (5) dangerous conditions of
utility service facilities; (6) dangerous conditions of streets;
(7) dangerous conditions of sidewalks; and (8) care, custody and
control of animals.  42 Pa. Cons. Stat. §§ 8541.  These
exceptions must be strictly construed.  <u>Love v. City of Phila.</u>,
543 A.2d 531, 532 (Pa. 1988).

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

DARIEN HOUSER,                    :    CIVIL ACTION
                                  :    NO. 06-1198
        Plaintiff,                :
                                  :
     v.                           :
                                  :
SYLVESTER JOHNSON et al.,         :
                                  :
        Defendants.               :

**ORDER**

**AND NOW,** this **11th** day of **June, 2008,** it is hereby

**ORDERED** that defendants' motion for summary judgment (doc. no.

66) is **GRANTED.**

**IT IS FURTHER ORDERED** that the case shall be placed in

suspense pending the appointment of counsel.


**AND IT IS SO ORDERED**




<u>**S/Eduardo C. Robreno**</u>
**EDUARDO C. ROBRENO, J.**

-10-